UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICO RAYSHON RAINEY,                                                                                      Plaintiff,

v.                                                                          Civil Action No. 3:19-cv-P835-DJH

COMMONWEALTH OF KENTUCKY et al.,                                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Rico Rayshon Rainey filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. STATEMENT OF FACTS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections. He names as Defendants the Commonwealth of Kentucky; Shon Pharr, public defender; "Detectives on the case"; Nick Mudd, prosecutor; and "Store Employer in that case." All Defendants are named in their official capacities.

Plaintiff's complaint references state-court criminal case number 15-cr-2836, which he states was disposed of on November 8, 2019. He alleges "intrapment, perjury forensic lab result, fruit of poison tree, search and seizure, entrapment." He alleges that every detective who appeared on the stand perjured themselves. He states that he was acquitted "on 60 years." He alleges that his lawyer "kept the paper work for my release over night" and that, consequently, he

---

[1] This matter was dismissed without prejudice in April 2020 after Plaintiff failed to comply with an Order of the Court to either pay the filing fee or submit an application to proceed without prepayment of fees. However, soon thereafter Plaintiff complied with the Court's Order by submitting an application to proceed without prepayment of fees. The Court interpreted this action as a motion to reopen, which the Court granted.

was kept in jail. He further alleges that he was unlawfully imprisoned and that "my car was sold" even though it had been released as evidence before the trial was over.

Plaintiff also alleges that his public defender, Defendant Pharr, lied to him and made him think that he had to drop a complaint in order to get out of jail after his trial.

As relief, Plaintiff asks for one million dollars.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A review of the Kentucky Court of Justice website shows that the case number 15-cr-2836 was for two charges of first-degree robbery against Plaintiff on October 26, 2015, which were disposed of on March 6, 2017, by not guilty verdicts after a jury trial. Also according to

that website, a "release from custody" was filed on March 7, 2017, the day after the jury's verdict. The last docket entries for that case occurred on March 20, 2017, when the trial order, the jury verdict, and an order denying a motion for reconsideration were filed.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal-injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, No. 01-6458, 2002 WL 1359388, at *2 (6th Cir. June 20, 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Under the mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). According to the date on the complaint, the complaint in this case was filed on November 12, 2019. All of Plaintiff's claims arise out of the arrest and prosecution of his state-court case. Because the last docket entries for that state-court case occurred on March 20, 2017, when the trial order, the jury verdict, and an order denying a motion for reconsideration were filed, the Court will consider that the date that the one-year statute of limitations began running. Thus, Plaintiff had one-year from March 20, 2017, or until March 20, 2018, to file the instant § 1983 action.[2]

---

[2] It is not clear why Plaintiff filled in the line titled "Approximate date of disposition" with the date of November 8, 2019. It is clear from the docket of the state-court criminal case that the last entry in that case was March 20, 2017, and that no appeal was filed. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (noting that "[f]ederal courts may take judicial notice of proceedings in other courts of record." (internal quotation marks and citation omitted)).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not resolved by reference to state law.*" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). An applicable statute of limitations begins to run when the plaintiff "knew or should have known of the injury which forms the basis of the[] claim[]." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The statute of limitations for unlawful arrest and false imprisonment begins to run once the victim becomes held pursuant to legal process, such as "when the victim is issued process, bound over by a magistrate, or arraigned on charges." *Wallace*, 549 U.S. at 389-90 (rejecting the argument that false imprisonment ended upon release from custody). Once legal process begins, the unlawful arrest or false imprisonment ends, and damages for any following confinement must be based on a malicious-prosecution or abuse-of-process theory. *Id*. at 390. A malicious-prosecution claim accrues when the criminal proceedings are terminated in the criminal-defendant's favor. *King v. Harwood*, 852 F.3d 568, 578-79 (6th Cir. 2017).

Thus, it is clear that the instant action is barred by the one-year limitations period. Since Plaintiff's complaint was filed outside the one-year limitations period, all of his claims will be dismissed as frivolous, pursuant to § 1915A(b)(1). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III. CONCLUSION

For the forgoing reasons, the Court will, by separate Order, dismiss this action.

Date: January 13, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4415.009